

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED TCHATCHIBARA,<br><br>                      Petitioner,<br><br>v.<br><br>WARDEN JEREMY CASEY,<br><br>                    Respondent. | Case No.: 26-cv-2445-JES-GC<br><br>**ORDER FOR BOND HEARING**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Mohamed Tchatchibara's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), filed on April, 2026. ECF No. 1. Although the Court granted Petitioner's motion to appoint counsel, counsel failed to file an amended petition by the deadline set by the Court's order or request an extension. *See* ECF No. 3. Petitioner's initial, *pro se* Petition is thus the operative Petition in this matter. *See id.*, ECF No. 1. Respondents filed a Return to the Petition on May 4, 2026. ECF No. 12 ("Return").

In the Return, Respondents state: "Taking into consideration those prior rulings [in this District] and the length of time Petitioner has been in custody, the government

concedes that this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight." Return at 1. The Court agrees, for the reasons set forth in *Sandesh v. LaRose*, No. 3:26-CV00846-JES (S.D. Cal. March 5, 2026). The Court incorporates its reasoning in that case by reference here.

Per the parties' agreement that Petitioner is entitled to a bond hearing, and the Court's analysis in *Sandesh*, the Court **GRANTS** Petitioner's writ of habeas corpus, and **ORDERS** as follows:

(1) The Court **ORDERS** Respondents to provide Petitioner with an individualized bond determination hearing within **ten days** of this Order.

    a. At the hearing, the government **SHALL BEAR** the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released.

    b. The IJ **SHALL** consider alternative conditions of release and Petitioner's ability to pay bond if he or she determines bond is appropriate.

    c. Respondents **SHALL** make a complete record of the bond hearing available to Petitioner and his counsel.

(2) Respondents are **ORDERED** to File a Notice of Compliance within **five days** of providing Petitioner with the bond hearing, including apprising the Court of the results of the hearing.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: May 5, 2026

Honorable James E. Simmons Jr.
United States District Judge

2

26-cv-2445-JES-GC